UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN JAEGER, | **COMPLAINT** |
| Plaintiff, | Case No.: |
| -against- | **Jury Trial Demanded** |
| NORTH BABYLON UNION FREE SCHOOL DISTRICT, | |
| Defendant. | |

Plaintiff **JOHN JAEGER**, by and through his attorneys, **ZABELL & ASSOCIATES, PC**, complains and alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action to recover declaratory, monetary and affirmative relief based upon Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e; the New York State Human Rights Law, New York Executive Law, Article § 296; and other appropriate rules, regulations, statutes and ordinances.

## II. JURISDICTION AND VENUE

2. This court maintains jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337.

3. This court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

4. This action properly lies in the United States District Court, Eastern District of New York, pursuant to 28 U.S.C. § 1391, because Plaintiff is domiciled within this district.

5. This court has power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 3, 2014.

7. The EEOC charge number is: 520-2014-0221.

8. Plaintiff brings this action within ninety (90) days of the receipt of a Notice of Right to Sue, on August 24, 2015. A copy of the Notice of Right to Sue is attached hereto as Exhibit A.

### III. PARTIES

9. Plaintiff, **JOHN JAEGER** (hereinafter "Plaintiff" or "Jaeger"), is a citizen of the State of New York presently residing in Center Moriches, New York.

10. At all times relevant to the Complaint, Plaintiff has been an "employee" within the meaning of 42 U.S.C. § 2000e (f) NYSHRL § 292(1).

11. At all times relevant herein, Plaintiff has been a "person" within the meaning New York State Human Rights Law ("NYSHL") § 292 (1).

12. Upon information and belief, Defendant **NORTH BABYLON UNION FREE SCHOOL DISTRICT** (hereinafter "Defendant") is a municipal public school district operating in North Babylon, NY.

13. Upon information and belief, at all times relevant herein, Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and Section 292(5) of the NYSHRL.

14. Upon information and belief, at all times relevant herein, Defendant employed 15 or more employees.

## IV. FACTS

15. Plaintiff repeats and realleges each and every allegation contained herein.

16. Plaintiff is a male.

17. Plaintiff commenced employment with Defendant in 1999.

18. At all times relevant herein, Plaintiff was employed by Defendant as a biology teacher.

19. Throughout the tenure of Plaintiff's employment with Defendant, Plaintiff consistently exceeded the requirements of his position and received satisfactory performance evaluations.

20. Plaintiff's now ex-wife, Kristy Jaeger (a/k/a "Ms. Middleton"), began employment with Defendant in or around 2002 as a chemistry teacher.

21. In August 2012, Plaintiff and Ms. Middleton ended their relationship and entered into a divorce proceeding.

22. At the beginning of the 2013-2014 school year, Defendant was aware of the divorce proceeding between Plaintiff and Ms. Middleton.

23. Effective in or about September 2013, Ms. Middleton became the Science Curriculum Associate while employed by Defendant.

24. As the Science Curriculum Associate, Ms. Middleton became one of Plaintiff's direct supervisors.

25. As Plaintiff's direct supervisor, Ms. Middleton had access to Plaintiff's lesson plans, classes and every material aspect of his assigned position.

26. During the summer of 2013 and continuing through February 2014, Ms. Middleton filed numerous incident reports with the local police and Defendant alleging harassment from Plaintiff.

27. Ms. Middleton's allegations to the local police and Defendant were false and pretextual.

28. On or about August 29, 2013, Plaintiff lodged a complaint with Defendant's Superintendent, Patricia Godek, addressing concerns for his continued employment in light of the false harassment charges and Ms. Middleton's impending supervisory role over Plaintiff at the start of the 2013-2014 school year.

29. Immediately after this meeting, and in response to Plaintiff's complaint to Patricia Godek, Ms. Middleton filed a harassment with Defendant against Plaintiff.

30. The basis of Ms. Middleton's allegations were false and pretextual and the charge was designed to interfere with Plaintiff's continued employment with Defendant.

31. During the 2013-2014 school year, between the months of September and November, Ms. Middleton filed numerous harassment charges with Defendant against Plaintiff.

32. All allegations contained therein were materially false and maliciously filed.

33. Continuing throughout the 2013-2014 school year and through Plaintiff's current employment with Defendant Ms. Middleton sought out and accosted Plaintiff during school hours.

34. During Plaintiff's tenure with Defendant Ms. Middleton's actions included the following:

- Screaming at Plaintiff in front of other staff members;
- Harassing Plaintiff about details involving their children during school hours;
- Falsely accusing Plaintiff of contacting (*via* text message) and/or harassing her in the workplace;
- Calling Plaintiff while he was administering the SATs, interfering with the administration of the examination; and
- Advising Plaintiff that the Assistant Superintendent was "interviewing" staff members as part of a formal investigation which was based solely on her false accusations of Plaintiff's alleged inappropriate behavior.

35. Defendant was made aware of Ms. Middleton's actions towards Plaintiff during the 2013-2014 school year.

36. On or about December 4, 2013, Jonathon Klomp, the Principal of North Babylon High School, held a meeting with Plaintiff, Selena Dorio, the Union President, and Dr. Judy Marino, the Assistant Superintendent to discuss Plaintiff's "emotional stability."

37. The December 4, 2013 meeting was convened as a direct result and in furtherance of Ms. Middleton's aforementioned actions.

38. At no point prior during his tenure of employment with Defendant was Plaintiff's "emotional state" or fitness to perform the essential functions of his job ever questioned by district personnel.

39. During the December 4, 2013 meeting, Plaintiff expressed his concerns about Ms. Middleton's exercise of supervisory authority power over his position and by extension, his career.

40. Specifically, Plaintiff complained about her continued harassment of him in the workplace and the fact that Plaintiff was placed under heightened scrutiny in the form of a formal investigation convened by Defendant.

41. The formal investigation arranged by Defendant arose as retaliation to Plaintiff's objections to Ms. Middleton's actions as well as her materially false accusations.

42. On or about May 29, 2014, Plaintiff was taking attendance and organizing a group of students scheduled to depart on a field trip.

43. As Plaintiff was leaving the room to bring the attendance roster to the main office, Ms. Middleton entered the room under the guise of speaking with a field trip chaperone about an unrelated matter.

44. On May 29, 2014, a court "stay away" order was effective regarding Plaintiff and Ms. Middleton.

45. On May 29, 2014, Defendant was aware of the court "stay away" order as it related to Plaintiff and Ms. Middleton.

46. On May 29, 2014, Plaintiff was exposed to potential liability in connection with the court's "stay away" order.

47. Defendant placed Plaintiff in a compromising position regarding the "stay away" order.

48. Plaintiff's counsel sent a letter to Principal Klomp in the immediate aftermath of the foregoing episode. The letter, in relevant part, demanded the Defendant take all steps necessary to prevent interaction between Plaintiff and Ms. Middleton and warned against retaliatory actions.

49. On or about June 3, 2014, Ms. Middleton was responsible for handing out Regents Examinations at the start of the day's designated testing period.

50. Rather than give the responsibility of providing Plaintiff with testing materials to another individual, Defendant required Ms. Middleton to do so.

51. On or about June 3, 2014, a court ordered "stay away" provision was effective with regards to Plaintiff and Ms. Middleton.

52. On or about June 3, 2014, Defendant was aware of the court's "stay away" order as it related to Plaintiff and Ms. Middleton.

53. Although Ms. Middleton repeatedly called for Plaintiff's presence, cognizant of his legal responsibilities, Plaintiff refrained from entering the office to pick up the examination materials until he believed Ms. Middleton had left the vicinity.

54. Unbeknownst to Plaintiff, Ms. Middleton never left the office, but rather, was hiding behind a counter.

55. On June 3, 2014, Plaintiff was exposed to potential liability in connection with the court's "stay away" order and interfered with Plaintiff's ability to discharge his assigned responsibilities.

56. Defendant placed Plaintiff in a compromising position regarding the "stay away" order.

57. Subsequently after this incident with Ms. Middleton, Plaintiff requested and received a relief proctor shortly after the beginning of the Regents Examination period.

58. At which point, a representative of Defendant, Principal Jonathan Klomp, sought Plaintiff out and discussed the situation with Ms. Middleton and the examination materials.

59. Plaintiff then questioned Mr. Klomp about Defendant's decision to have Ms. Middleton provide Plaintiff with testing materials in light of the existence of a stay away order.

60. Mr. Klomp responded that he was just taking orders from the Defendant via the District Personnel office and Dr. Marino.

61. Plaintiff then made Mr. Klomp aware of the events that transpired on May 29, 2014.

62. On June 4, 2014, Jonathan Klomp, the High School Principal and Plaintiff's superior called Plaintiff into a meeting.

63. During which, he falsely accused Plaintiff of lying about the events of May 29, 2014 in retaliation for Plaintiff's counsel having sent a legal demand letter on his behalf.

64. On June 26, 2014, Ms. Middleton contacted the Suffolk County DA's Office claiming that Plaintiff had harassed her at school in connection with, amongst other matters, the pick-up and drop off of their children.

65. The allegations are false and represent retaliation for Plaintiff's having complained about her actions on May 29, 2014.

66. On September 2, 2014, Plaintiff was called into a meeting by Mr. Klomp who requested Plaintiff's Union representative be present.

67. In addition, Libby Bulger, Assistant Principal attended the meeting as a "witness".

68. During the meeting, Plaintiff was accused of leaving the building without permission on either August 27 or 28, 2014, during a superintendent's conference day.

69. At which point, Plaintiff advised that he was unaware of any such prohibition during the date in question as the students had yet to report back to school.

70. In fact, upon information and belief, many of Plaintiff's peers had done so without incident.

71. Mr. Klomp further advised that Plaintiff had "a bad year" last year and that he has been "more than fair" with him.

72. Mr. Klomp's comments are reflective of the content of Plaintiff's affidavit and the filing of the charge(s) of discrimination.

73. Further, within ten (10) days of this meeting, Plaintiff learned for the first time that in or around June 2014, Mr. Klomp was monitoring his attendance in a manner inconsistent with that of his peers.

74. Specifically, Mr. Klomp called down to the office at regular intervals to ascertain as to whether or not Plaintiff had signed in at the start of each work day.

75. Importantly, the heightened scrutiny to which Plaintiff was subjected occurred in the immediate aftermath of his filing his first charge of discrimination with the EEOC (April 2014) and was undertaken in direct retaliation for Plaintiff's having engaged in statutorily protected activity.

76. Ms. Middleton's actions have continued without intervention from Defendant.

77. Plaintiff has been denied classroom resources.

78. Plaintiff did not receive adequate administrative support.

79. Plaintiff has been effectively cut off from the science department.

80. Plaintiff has been prevented from obtaining an alternate position with Defendant or outside the school district.

81. Defendant has effectively eliminated professional promotional possibilities for Plaintiff.

82. Based upon the above descriptions and actions Plaintiff was unlawfully discriminated against and denied equal employment based upon his gender and in retaliation for his complaints regarding harassment from Ms. Middleton.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Title VII – Gender Discrimination)

83. Plaintiff repeats and incorporates by reference all paragraphs contained herein.

84. Plaintiff has been subject to unlawful discrimination and adverse employment actions at the hands of Defendant on the basis of his sex in violation of Title VII.

85. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

86. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

87. Plaintiff is entitled to equitable and injunctive relief, an award of punitive damages, compensatory damages, expenses and attorneys' fees from Defendant in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
### (NYSHRL—Discrimination on Account of Sex)

88. Plaintiff repeats and incorporates by reference all paragraphs herein.

89. Plaintiff has been subject to unlawful discrimination at the hands of Defendant on the basis of his sex in violation of the NYSHRL.

90. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

91. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

92. Plaintiff is entitled to equitable and injunctive relief, and compensatory damages from Defendant in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### (Title VII- Retaliation)

93. Plaintiff repeats and re-alleges each and every allegation contained herein.

94. Plaintiff was retaliated against by Defendant in response to his complaints of gender discrimination to which Plaintiff was subjected, as stated above, which collectively resulted in Plaintiff being subjected to materially adverse employment actions.

95. As a proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer substantial loss of future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

96. As a further proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages. Therefore, Plaintiff is entitled to equitable and injunctive relief, attorneys' fees, and an award of punitive and compensatory damages in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
### (NYSHRL- Retaliation)

97. Plaintiff repeats and re-alleges each and every allegation contained herein.

98. Plaintiff was retaliated against by Defendant in response to his complaints of gender discrimination to which Plaintiff was subjected, as stated above, which collectively resulted in Plaintiff being subjected to materially adverse employment actions.

99. As a proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer substantial loss of future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

100. As a further proximate result of Defendant's retaliation, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages. Therefore, Plaintiff is entitled to equitable and injunctive relief, and compensatory damages in an amount to be determined at trial.

## VI. DEMAND FOR JURY TRIAL

101.    Plaintiff repeats and incorporates by reference all paragraphs herein.

102.    Plaintiff hereby demands a trial by jury.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, as a result of the unlawful conduct and actions of Defendant herein alleged, Plaintiff respectfully requests that this Court grant the following relief:

i.      on the First Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

ii.     on the Second Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

iii.    on the Third Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

iv.     on the Fourth Claim for Relief, an award of Plaintiff's actual damages for past and future earnings, bonuses, other employment benefits, in an amount to be determined at trial plus interest;

v.      an award of punitive damages where allowed by statute;

vi.     an order directing Defendant to pay Plaintiff pre and post judgment interest;

vii.     an order directing Defendant to pay all costs and disbursements of this action, including Plaintiff's attorneys' fees;

viii.    an Order declaring Defendant's actions against Plaintiff as unlawful;

ix.      an order enjoining the continuance by Defendant of the illegal acts and practices alleged above; and

x.       an order granting to Plaintiff such other and further relief the Court deems just and proper.


Dated:      Bohemia, New York
            September 21, 2015

                            ZABELL & ASSOCIATES, P.C.
                            *Attorneys for Plaintiff*

                            By: _____

                            Saul D. Zabell, Esq.
                            One Corporate Drive, Suite 103
                            Bohemia, New York 11716
                            Tel: (631) 589-7242
                            szabell@laborlawsny.com

# EXHIBIT A



U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL

7014 0510 0000 2148 5224

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

August 24, 2015

Mr. John Jaeger
c/o Saul D. Zabell, Esquire
Law Offices of Zabell & Assocs.
1 Corporate Drive
Suite 103
Bohemia, NY 11716

Re: EEOC Charge Against North Babylon School District
No. 520201402021

Dear Mr. Jaeger:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC New York District Office, New York, NY.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Vanita Gupta
Principal Deputy Assistant Attorney General
Civil Rights Division

by Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: New York District Office, EEOC
North Babylon School District